Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CARMEN M. NIEVES LAMOSO<br><br>Recurrido<br><br>Vs.<br><br>ALBERTO TORRES CASTILLO Y OTROS<br><br>Peticionario | TA2025CE00857 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. MZ2025CV00703<br><br>Sala: 307<br><br>Sobre: *Injunction* (Interdicto Posesorio) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Comparecen ante nos, el señor Alberto Torres Castillo, la señora Kety Blanco Cornejo y la sociedad legal de gananciales compuesta por ambos (demandados o peticionarios) y solicitan la revocación de la *Resolución* notificada el 3 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (foro primario o TPI). En esta, el TPI denegó una solicitud de relevo de sentencia procurada por los demandados.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*.

**I.**

La presente causa versa sobre la posesión y arrendamiento de un local sito en Cabo Rojo, Puerto Rico. En esencia, la señora Carmen Nieves Lamoso (Sra. Nieves Lamoso o recurrida) incoó una solicitud de interdicto posesorio en contra de los demandados, en calidad de dueña del Restaurante Joyuda Beach Front, que opera en el inmueble que esta última arrendó a los demandados por espacio de cinco años. Surge de su reclamación que, presuntamente

los demandados la despojaron de la posesión del local, incumpliendo así el contrato de arrendamiento suscrito entre las partes.

En su *Moción en Oposición a Solicitud de Interdicto Posesorio*, los demandados sostuvieron que la señora Nieves Lamoso, así como su hijo, quien fungía como administrador del negocio, incumplieron los acuerdos contractuales ante la falta de pago de los cánones de arrendamiento. Además, sostuvo que, la parte demandante removió mobiliario y entregó las llaves voluntariamente.

Así las cosas y superados múltiples asuntos interlocutorios, el foro primario celebró un juicio al cual comparecieron ambas partes, debidamente representadas. Luego de aquilatar la prueba, que consistió en el testimonio de las partes, el TPI dictó *Sentencia,* el 9 de junio de 2025. Tras consignar 44 determinaciones de hechos, el foro primario declaró ha lugar la demanda y ordenó a los demandados restituir a la Sra. Nieves Lamoso la posesión del inmueble objeto del contrato y permitir su acceso.

Expedido el mandato correspondiente, los demandados presentaron una solicitud de relevo de sentencia, el 13 de octubre de 2025. Lo antes, fundamentado en el inciso (b) de la Regla 49.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2(b). Plantearon que, consiguieron unos videos que demuestran que el señor Juan Lugo Nieves, hijo de la señora Nieves Lamoso, estuvo en el inmueble en horas de la tarde del 27 de enero de 2025, en el área del tablado y del muelle. Ello, como evidencia de que presuntamente el señor Lugo Nieves le mintió al tribunal, haciéndolo creer que, los demandados lo privaron de la posesión y del acceso al inmueble objeto del litigio. Argumentaron que, a pesar de su debida diligencia, no pudieron descubrir dicha evidencia para la fecha del juicio en sus méritos. Basado en ello, suplicaron al TPI que dejara sin efecto la *Sentencia* dictada en su contra.

En su correspondiente réplica y como fundamento para solicitar la denegatoria del relevo, la Sra. Nieves Lamoso hizo referencia a los distintos pleitos independientes que los demandados han instado en su contra: Caso núm. CB2025CV00378 sobre desahucio; Caso núm. MZ2025CV00735 sobre daños y perjuicios; Caso núm. CB2025CV00581 también sobre desahucio. Procuró la imposición de honorarios por temeridad en contra de los demandados, bajo la premisa de que, sus actuaciones han provocado que ella no pueda abrir el restaurante.

Justipreciado lo antes, el foro primario declaró no ha lugar a la *Moción Solicitando Relevo de Sentencia al Amparo Regla 49.2*, según presentada.

Aun inconforme, los peticionarios acuden ante esta Curia y señalan lo siguiente:

> Erró el Tribunal de Instancia al declarar no ha lugar la solicitud de relevo de sentencia al amparo de la Regla 49.2 de plano sin celebración de vista y sin fundamentar la misma y no permitirle a los peticionarios presentar los videos donde se demuestra que el testigo Juan Lugo Nieves estuvo en el local y sus alrededores el 27 de enero de 2025, lo que contradice lo declarado en la vista del interdicto que no se le permitió la entrada al local perturbando la posesión del mismo.

> Erró el tribunal al no considerar la evidencia presentada con la moción de relevo de sentencia que demuestra que la intención de la parte recurrida era remover el inventario y los bienes que se encontraban en el local y no recobrar la posesión del inmueble.

En cumplimiento con nuestra *Resolución*, notificada el 5 de diciembre de 2025, la Sra. Nieves Lamoso se opuso a la expedición del auto de *Certiorari.* Con el beneficio de las posturas de ambas partes, resolvemos.

**II**.

**A. Expedición de la petición de *Certiorari* post sentencia**

Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones, mediante auto de *certiorari. Torres*

*González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023). El recurso de *certiorari* es un auto procesal extraordinario, por el cual, un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* supra.

Las Reglas de Procedimiento Civil establecen que, el Tribunal de Apelaciones expedirá el recurso de *certiorari,* cuando el peticionario recurra de una resolución u orden sobre remedios provisionales, *injunctions* o de la denegatoria de mociones dispositivas. *Torres González v. Zaragoza Meléndez,* supra. En ese sentido, el auto de *certiorari* es limitado y excluye aquellas determinaciones interlocutorias que, pueden esperar hasta la determinación final del tribunal para formar parte de un recurso de apelación. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). El delimitar la revisión, a instancias específicas, tiene como propósito evitar la dilación que causaría la revisión judicial de controversias, que, pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478 (2019).[1] A tenor de la Regla 11(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

Ahora bien, la Regla 52.1 de Procedimiento Civil de 2009, *supra,* establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5)

---

[1] Citando a *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2017).

asuntos de interés público y (6) situaciones en la cuales esperar a la apelación constituye un fracaso irremediable a la justicia. *800 Ponce de León v. AIG*, supra.

Como puede observarse, la Regla citada no contempla los **dictámenes posteriores a la sentencia**, por lo que, al determinar si procede la expedición de una petición de *certiorari*, el Tribunal de Apelaciones viene obligado a acudir a lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*; *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023).

De imponerse las limitaciones de la Regla 52.1, *supra*, a la revisión de dictámenes post sentencia, tales determinaciones inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *BPPR v. SLG Gómez-López,* supra. En tal sentido, es preciso enfatizar que, si bien el auto de *certiorari* es un mecanismo procesal discrecional, dicha prerrogativa del foro revisor no debe hacer abstracción del resto del derecho. *Mun. de Caguas v. JRO Construction*, supra.

Cabe destacar que, el examen que hace este Tribunal, previo a expedir un auto de *certiorari*, no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra.* Véase, además, *Mun. de Caguas v. JRO Construction,* supra. A fin de que, este Tribunal pueda ejercer su discreción de manera prudente, la Regla 40 del Reglamento de Apelaciones, *supra*, establece los criterios que deberán ser considerados, al determinar si procede o no expedir un auto de *certiorari*.[2] Los referidos criterios establecidos en la citada Regla 40 son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[2] Véase, *Mun. de Caguas v. JRO Construction, supra,* pág. 712.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como ya indicamos, los principios antes transcritos, nos sirven de guía para poder determinar si procede o no intervenir en el caso, en la etapa del procedimiento en que este se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De esta manera, el foro apelativo deberá ejercer su facultad revisora, solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López,* supra.

### B. Relevo de Sentencia

Los tribunales pueden discrecionalmente relevar a una parte de los efectos de una sentencia, orden o procedimientos por las razones definidas en la Regla 49.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2; *Pérez Ríos et al. v. CPE,* 213 DPR 203 (2023). Las razones que provee la referida Regla son las siguientes: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (c) fraude extrínseco o intrínseco, falsa representación u otra conducta impropia de la parte adversa; (d) nulidad de sentencia; (e) la sentencia fue satisfecha o renunciada; la sentencia anterior en la cual se fundaba fue revocada o dejada sin efecto; no sería equitativo que la sentencia continúe en vigor; y (f) cualquier otra razón que justifique la concesión de un remedio

contra los efectos de una sentencia. Regla 49.2 de las Reglas de Procedimiento Civil, *supra.*

El objetivo de la Regla 49.2, *supra,* es proveer un mecanismo post sentencia que impida que los fines de la justicia se vean frustrados mediante tecnicismos y sofisticaciones. *Pérez Ríos et al. v. CPE,* supra. De ordinario, la determinación de relevar a una parte de los efectos de una sentencia depende de la discreción del foro sentenciador, salvo cuando se trate de un dictamen nulo -por haberse dictado sin jurisdicción o en violación al debido proceso de ley- o cuando la sentencia ha sido satisfecha. *Íd.*

Como se sabe, la persona que se ampara en la Regla 49.2 de las Reglas de Procedimiento Civil, *supra*, debe aducir al menos de una de las razones antes enumeradas. *HRS Erase v. CMT*, 205 DPR 689, 697 (2020). Asimismo, la existencia de una buena defensa, más algunas de las razones antes mencionadas, deben inclinar la balanza a favor de conceder el relevo. *García Colón et al. v. Sucn. González*, 178 DPR 527, 540-541 (2010). No obstante, el relevo no se puede conceder si le ocasiona perjuicio a la parte contraria o si se alegan cuestiones sustantivas que debieron ser formuladas mediante solicitud de reconsideración a una apelación. *Íd.*, pág. 541. Tampoco procede el relevo de sentencia a favor de un promovente que no haya sido diligente en la tramitación del caso. *Neptune Packaging Corp. v. Wackenhut Corp.*, 120 DPR 283, 292 (1988).

Respecto al término en el cual se debe presentar una moción de relevo, el texto de la Regla 49.2, *supra*, es categórico en cuanto a que la moción de relevo debe presentarse dentro de un término razonable "pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento." Ahora bien, el Tribunal Supremo aclaró que, el referido plazo es inoperante ante una sentencia nula. *Pérez Ríos et al. v. CPE,* supra. Cabe señalar que, una moción de relevo de

sentencia no puede ser sustitutiva de los recursos de revisión o reconsideración. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 449 (2003).

### III.

En el presente caso, nos corresponde resolver si el TPI actuó correctamente al denegar la solicitud de relevo de sentencia que instaron los peticionarios. Cabe reiterar que, la facultad para dejar sin efecto una sentencia es discrecional, salvo que esta sea nula o que haya sido satisfecha. En virtud de lo anterior, nuestra revisión apelativa sobre este asunto está limitada a evaluar si el TPI erró en su facultad discrecional.

En su recurso, los peticionarios sustentan la procedencia de su petitorio en el inciso (b) de la Regla 49.2 de Procedimiento Civil, *supra,* entiéndase, en el descubrimiento de una evidencia esencial que no pudo descubrirse con anterioridad. Según exponen, la referida prueba consiste en unos vídeos a través de los cuales, a su juicio, quedaría demostrado que el Sr. Lugo Nieves mintió al foro primario y establecería la falsedad de que los demandados lo privaron de la posesión del local y le restringieron el acceso de forma ilegal.

En su alegato en oposición, la recurrida argumenta que, los peticionarios insisten en re-litigar este asunto que ya fue resuelto por esta Curia (Recurso Núm. TA2025AP00099).[3] Añade que, la evidencia que, según los peticionarios, no pudo descubrirse previamente proviene de la cámara del celular de estos, por lo cual, entiende que nunca fue desconocida para ellos y que no se justifica el relevo solicitado. Reclama, nuevamente, la imposición de honorarios por temeridad en contra de los peticionarios.

---

[3] Mediante el referido dictamen, confirmamos la *Sentencia* del foro primario que declaró ha lugar la demanda sobre interdicto posesorio a favor de la recurrida. Esta *Sentencia* es el pronunciamiento del cual los peticionarios solicitan ser relevados.

Luego de examinar el recurso de los peticionarios, la oposición de la recurrida y el expediente que los acompaña, advertimos no haber identificado criterio jurídico alguno que amerite dejar sin efecto el dictamen impugnado. Tampoco surge del expediente que se justifique la expedición del auto de *certiorari,* en aras de evitar un fracaso a la justicia, o que, en el ejercicio de sus facultades, el TPI actuó de forma arbitraria, caprichosa, abusó de su discreción o cometió algún error de derecho al denegar la solicitud de relevo que instaron los peticionarios. En su consecuencia, no se justifica que obviemos la norma de abstención judicial que regula el ejercicio de nuestras funciones en dictámenes como el de autos.

En virtud de lo anterior, nos abstendremos de intervenir en este asunto y concluimos que los errores señalados no fueron cometidos.

**IV.**

Por los fundamentos esbozados, denegamos la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones